## GOMBCOS v. UNION MILLS.

(Supreme Court, Appellate Division, Third Department. September 27, 1912.)

MASTER AND SERVANT (§ 278*)—INJURIES TO SERVANT—DANGEROUS MACHINERY—EVIDENCE.

In an action for injuries to plaintiff by his hand coming in contact with the teeth of a cone duster, used to clean cotton in a knitting mill, evidence *held* insufficient to sustain a verdict finding that plaintiff's hand was drawn into the machine by suction, the draft being from, instead of toward, the machine, and therefore defendant was not negligent in failing to provide a hood over the opening to prevent such an accident.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

Betts, J., dissenting.

Appeal from Trial Term, Columbia County.

Action by Joseph Gombcos, Jr., an infant, by guardian ad litem, against the Union Mills. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

McCabe, Davis & Kernan, of New York City, for appellant.
Chace Bros., of Hudson, for respondent.

PER CURIAM. The defendant operates a knitting mill, and the plaintiff was in its employ. Amongst the machines installed in the mill was what is known as a "cone duster," used for the purpose of cleaning waste cotton. This machine consisted of a tight dome, inside which was a cylinder, studded with pins, so adjusted as to revolve with great rapidity. The cotton was fed into the side of one end, and came out, after passing over the cylinder, at an opening 16 by 8 inches at the opposite end of the other side. It was fed much like a threshing machine, and discharged its cleansed product after it had passed over and along the revolving picker. When the machine was in operation, the cotton was blown from the discharge opening with considerable force, and there was necessarily a discharge of air from such opening when the picking cylinder was in motion.

On the occasion of the accident the power had been turned on the machine, but no cotton was being fed to it. In the discharge of his duties, as is alleged, the plaintiff was passing by the opening, and he claims that his hand was sucked in through the opening onto the picking pins of the cylinder, so injuring him that its amputation was necessary. These pins were back 1¼ inches from the outer surface of the opening and were about 3½ inches in length. The theory upon which the plaintiff recovered his judgment against the defendant was that the defendant was negligent in not providing a hood for the discharge opening of the machine.

There was evidence on the part of the defendant that the accident occurred through the plaintiff having turned the power on the machine for his own amusement, and that his hand was injured by his endeavoring to touch the pins of the revolving cylinder. However

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this may be, we think the verdict of the jury to the effect that it was the defendant's duty to place a hood over the discharge opening for the purpose of guarding the cylinder was against the weight of the evidence. The movement of the air through the discharge opening was outward, and it was blown toward the plaintiff, and there could have been no suction which would draw his hand into the machine. His hand, or his clothing, or whatever he may have had in his hands, would be blown away from the cylinder, rather than drawn towards it. There was, therefore, no danger, in passing the machine, that any part of his body or clothing would be drawn into it. He would at once be apprised of its proximity by the blast of air which would be thrown upon him.

The plaintiff does not claim that he was working about this opening, or doing anything to the machine, but that he was simply passing by, and that his hand was dragged in by suction through the opening onto the pins of the cylinder. It is so improbable that the accident would be likely to occur in such manner that there does not appear to be any occasion for the defendant providing a hood to the opening to prevent its happening. It not being probable that the accident happened in the manner which the plaintiff asserted, and it being unlikely to happen at all, unless the plaintiff voluntarily put his hand into the opening, the verdict of the jury that the plaintiff was free from contributory negligence is also against the weight of the evidence.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event; the particular questions of fact determined being that the verdict of the jury was against the weight of evidence with respect to the negligence of the defendant in failing to provide a hood to guard the discharge opening of the machine, and also with respect to the plaintiff being free from contributory negligence.

BETTS, J., dissents.